UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,

    Plaintiff,

v.                                        Case No. 3:22cv9552-MCR-HTC

LATOYA BROWN,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Viles Delices, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of the judicial process based on Plaintiff's failure to disclose his complete litigation history.

I.     **STANDARD OF REVIEW**

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

II.    **FAILURE TO DISCLOSE**

Section VIII.C of the complaint form entitled "PRIOR LITIGATION," specifically asks, "**Have you filed any other lawsuits in federal court either challenging your conviction or otherwise relating to the conditions of your confinement.**" ECF Doc. 1 at 12, 14. Plaintiff answered in the affirmative and listed a single case, *Delices v. Lowery, et al.*, No. 3:19-cv-459-MCR-EMT (N.D. Fla. 2019). *Id.* at 14. Further, in Section IX of the complaint, entitled "CERTIFICATION," Plaintiff declared "under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 14–15.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms,

especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice Plaintiff had previously filed a 28 U.S.C. § 2254 habeas corpus action, *Delices v. Sec'y Dep't of Corr., et al.*, No. 6:18-cv-1947-GKS-GJK (M.D. Fla 2018), which challenged his conviction in the case of *Florida v. Delices*, No. 15-cf-3812-A-O (Fla. 9th Cir. Ct. July 13, 2015). The petitioner in the habeas case bears Plaintiff's name, Viles Delices, and the same Florida Department of Corrections inmate number, X46037. Also, the signature of the petitioner in that case is identical to Plaintiff's signature on the complaint. *See* ECF Doc. 1 at 15. It follows that Plaintiff should have dislosed that case in response to Section VIII.C but did not.

Additionally, Plaintiff failed to disclose another § 1983 action that was pending in this District at the time of filing the complaint: *Delices v. Marlin, et al.*, No. 3:22-cv-5051-MCR-ZCB (N.D. Fla. 2022). That case named several correctional officers as defendants, including Latoya Brown—the Defendant in this case, and involved similar facts as those featured in the present complaint. Indeed, the allegations against Brown are identical in both cases. Accordingly, Plaintiff should have disclosed the pending case within Section VIII.B, which required listing

any lawsuits "dealing with the same facts or issues involved in this case," ECF Doc. 1 at 13, or, at a minimum, he should have included it in his response to Section VIII.C.[1]

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required.  The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**"  ECF Doc. 1 at 14 (bold in original).  Nonetheless, Plaintiff made two false representations in his complaint.  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished.  An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice

---

[1] Plaintiff was clearly aware of this case as he sought to have the Court accept the Court's determination of Plaintiff's indigency status in that case as indicating he is indigent for purposes of this case. ECF Doc. 2.

when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## III.   CONCLUSION

Based on the foregoing, the undersigned finds Plaintiff made false representations in Sections VIII.B. and VIII.C. of the complaint by failing to fully disclose his prior litigation.  Such conduct is considered "malicious" under the Prison Litigation Reform Act, §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and is grounds for dismissal.

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 14th day of October, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.